# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:10cv1431 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| CITY OF LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Timothy S. Daubert ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint under the Americans with Disabilities Act ("ADA") on August 10, 2010.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

B.  <u>Allegations</u>

Plaintiff is a disabled veteran. He alleges that Defendant City of Lindsay placed three "dips" in various streets to slow traffic. He contends that on August 2, 2010, he and his wife were in the car on their way to the post office. When they reached Honolulu and Ashland, Plaintiff's wife drove slowly over a dip in the road. Plaintiff felt sharp pain in his spine.

Plaintiff contends that these dips violate the Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") because they cause him pain. He also alleges a violation because the dips impede emergency vehicles, which puts everyone in the City of Lindsay at risk.

Plaintiff requests that Defendant be ordered to remove the dips. He also requests monetary damages for pain and suffering.

C.  <u>Discussion</u>

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish violation of Title II of ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *Lowell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Similarly, to establish a violation of Section 504 of the RA, a plaintiff must show that (1) he is handicapped within the meaning of the RA; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance. *Id.*

Although Plaintiff complains of dips in certain roads, he does not allege that the dips prevented him from participating in any services or otherwise resulted in discrimination on the basis of his disability. Plaintiff alleges that driving over the dip hurt his back, but this is not sufficient to state a claim under the ADA or RA.

Moreover, to the extent that Plaintiff purports to bring this action on behalf of all citizens of Lindsay based on an alleged delay in "emergency traffic," he cannot do so. At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Here, Plaintiff's allegations are speculative, at best. Moreover, any delay in emergency traffic is certainly not because of Plaintiff's disability, or that of anyone else.

For these reasons, Plaintiff's complaint must be dismissed. He will be given an opportunity to amend his complaint, however, to correct these deficiencies. Plaintiff must submit an amended complaint within thirty (30) days. Failure to do so will result in a recommendation that this action be dismissed.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    IT IS SO ORDERED.

    Dated:   **September 14, 2010**            **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE